# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 16-189 |
| | ) | Judge Nora Barry Fischer |
| ZAAMAR STEVENSON, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This Court issued a Memorandum Opinion on April 4, 2019 denying pro se Defendant Zaamar Stevenson's ("Stevenson") motion to suppress evidence and his corresponding request for an evidentiary hearing. (Docket Nos. 158; 159). In addition, the Court separately entered an Order disposing of a number of additional pretrial motions filed by Stevenson. (Docket No. 160). The Court initially set this motion for a hearing and oral argument but entered an order cancelling the hearing because the matter could be resolved on the briefs. (Docket No. 174). Presently before the Court are Stevenson's motion for reconsideration, his objections to the Court cancelling the argument, the Government's responses in opposition to same, and Stevenson's reply. (Docket Nos. 172; 173; 175; 178; 186). After careful consideration of the parties' positions and for the following reasons, Stevenson's motion [172] is denied and his objections to the Order cancelling the hearing [175] are overruled.

### II. LEGAL STANDARD

The Court initially turns to the governing legal standard. The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 81 (3d Cir. 2004) (quoting *Harsco*

1

*Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)); *United States v. Kalb*, 891 F.3d 455, 467 (3d Cir. 2018). Because "federal courts have a strong interest in the finality of judgments," *United States v. Hoey*, Cr. No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011) (citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, *see Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, Crim No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see Hoey*, 2011 WL 748152, at *2 (citation omitted), to express disagreement with the Court's rulings, *see United States v. Perminter*, Cr. No. 10-204, 2012 WL 642530, at *7 (W.D. Pa. Feb. 28, 2012), or for addressing arguments that a party should have raised earlier, *see United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted); *Kalb*, 891 F.3d at 467. Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue. *Hoey*, 2011 WL 748152, at *2. At least at the District Court level, motions for reconsideration should be sparingly granted. *See Cole's Wexford Hotel, Inc. v. UPMC and Highmark, Inc.*, 2017 WL 432947, *2 (W.D. Pa. Feb. 2, 2017).

III.   DISCUSSION

In support of his motion for reconsideration, Stevenson has not cited any changes in the controlling law or the availability of any new evidence which is material to the Court's initial

decision. (Docket Nos. 172; 186). Rather, he submits that the Court erred by considering facts which allegedly were not admitted into the record and wrongly concluded that the suppression motion was without merit given those admissions. (*Id.*). He also reargues matters which were previously rejected by the Court including his positions that probable cause could not be formed prior to law enforcement recovering the narcotics from the confidential informant who executed the controlled buy within the vehicle he was driving and that chain-of-custody issues with the narcotics evidence justify suppression. (*Id.*). Stevenson further objects to the Court cancelling the hearing on this motion for reconsideration because he was allegedly misunderstood by the Court and is not receiving "due process." (Docket No. 175). The Government counters that Stevenson has failed to meet his burden to demonstrate that the Court should reconsider its denial of his motion to suppress or that the Court erred by cancelling the hearing. (Docket Nos. 173; 178). The Court agrees with the Government on these issues and will deny Stevenson's motion for reconsideration and overrule his objections to the Court's Order cancelling the hearing because the Court held oral argument on the initial motions and Stevenson has not raised any issues on reconsideration which require further proceedings.

At the outset, Stevenson does not challenge the well-settled Third Circuit jurisprudence setting forth the defense's burden to demonstrate that an evidentiary hearing is required on a suppression motion. As this Court stated in its Memorandum Opinion,

> [t]o require a suppression hearing, "a suppression motion must raise 'issues of fact material to the resolution of the defendant's constitutional claim.'" *United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010) (quoting *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996)). "In addition, the suppression motion must be 'sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim, and (2) there are disputed issues of material fact that will affect the outcome of the motion to suppress.'" *United States v. Stanton*, Crim. No. 11-57, 2012 WL 4815402, at *3 (W.D.

3

Pa. Oct. 10, 2012) (quoting *Hines*, 628 F.3d at 105). The burden of proof is on the defendant and is not shifted to the Government unless the defendant establishes a colorable basis for the claim. *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995).

(Docket No. 158 at 5-6). This Court exercised its discretion and denied the suppression motion without conducting an evidentiary hearing because Stevenson submitted an affidavit, motions and briefs containing declarations providing his version of the events in question as well as a preliminary hearing transcript and police reports which contain law enforcement's version of the case.[1] (*Id*. at 6-11). The factual disputes Stevenson pointed to in his submissions and at oral argument on the initial motion were simply not material to the Court's ultimate conclusion that law enforcement had sufficient information to establish both reasonable suspicion and probable cause that he was engaged in criminal activity prior to conducting the stop of Stevenson's vehicle, ordering him out of the car, subjecting him to a patdown search, and searching the vehicle. (*Id*.). Again, he was under investigation by law enforcement for narcotics trafficking and a controlled buy was executed within the vehicle he was driving prior to the stop, arrest and seizures. (*Id*. at 10). As was referenced in the Memorandum Opinion,

> [w]hile Defendant has offered a slightly different version of the events in that he alleges his passenger Wise was the narcotics distributor, these disputes are not material because he admits that he was driving Wise around in a vehicle when she completed that sale to the CI, providing reasonable suspicion to stop the vehicle and probable cause to search it. *United States v. Persinger*, 284 F. App'x 885, 887 (3d Cir. 2008) ("if the difference in facts is material, that

---

[1] The Court notes that Stevenson's 10-page "Affidavit of Facts" filed on June 26, 2018 was sworn by Stevenson before a notary in Youngstown, Ohio. (Docket No. 115 at 10). His 48-page "Defendant's Motion to Suppress Physical Evidence & to Exclude Co-Defendant Statements and for Severance, and Dismiss Indictment for Undisputed Facts" filed on August 13, 2018 constitutes an unsworn declaration under 28 U.S.C. § 1746. (Docket No. 134 at 47 (Zaamar Bersan Stevenson signed this pleading after making the following "I declare under penalty of perjury that the foregoing Declaration is true and correct. I have executed this Declaration on 15 day of July, 2018, at Youngstown, Ohio.")). He also filed a post-hearing supplemental brief on February 15, 2019 with a section titled "Finding of Facts" which summarizes the evidence of record after first noting that "[t]he credible evidence offered at oral arguments for suppression motion, including the narratives and testimony of the facts on record by Detective Timothy Fennell and Kristen Johnson, and these documentary evidence, established the following facts." (Docket No. 152 at 1).

4

> is, only if the disputed fact makes a difference in the outcome."). Further, the alleged inconsistencies in the evidence are for the trier of fact to resolve at trial and do not demonstrate any violations of Defendant's constitutional rights.

(*Id*. at 11). The same principles apply here and lead this Court to reaffirm its ruling denying an evidentiary hearing given the robust record and the lack of any material factual disputes. *United States v. Jackson*, 363 F. App'x 208, 210 (3d Cir. 2010) (district court did not abuse its discretion in denying an evidentiary hearing because the defendant "did not offer any version of events contrary to the version contained in the police reports he attached to his motion. He based his request for an evidentiary hearing only on alleged discrepancies in the reports, which he argued raised questions about the truthfulness of the account provided, and raised the suggestion that the events leading to his arrest may have unfolded differently.").

Although Stevenson's motion for reconsideration can be denied on these bases alone, the Court briefly addresses his contentions in his motion and reply that this Court made factual findings which he now alleges were not supported by a "scintilla of evidence." (Docket Nos. 172; 186). To the contrary, each of the challenged findings were supported by Stevenson's own statements in his motions, briefs and affidavits and were further buttressed by the testimony from the state court preliminary hearing and the police reports, all of which were admitted into the record. (Docket Nos. 115; 134; 152; Def. Exs. 1; 2A; 2B; 5).

By way of example, Stevenson asserts that the Court erred in finding that "[i]t was reported to law enforcement that defendant was selling crack cocaine and heroin throughout the Butler area." (Docket No. 186). But, Detective Timothy Fennell testified to these facts at the preliminary hearing and they are also set forth in the police reports. (Def. Exs. 1; 2A; 2B; 5). In his supplemental brief, Stevenson referenced the following regarding the prior investigation of his drug dealing among the "credible facts established in the record":

- "On 10/2015 multiple sources state that a B/M known as scrap is selling large amounts of crack and heroin, he drives around in a rental vehicle and meets people to sell." (Docket No. 152 at 2);

- "11/4/2015 officer met with C.I. 349 who positively identified a single photo of Zaamar Stevenson as scrap instead of a line-up. C.I. States they buy heroin and crack from scrap almost every day. There is no recording, or written statement that the C.I." (Docket No. 152 at 2).

- "Four days before Mr. Stevenson's arrest Detective Fennell checked jail calls from Josh Hakeem, and a call placed to Tanni milligan (sic) on 11/2/2015 has conversation where Tanni talks about obtaining drugs from scrap and 'flipping' them to make money. Call recorded and secured as evidence. Detective Fennell quote and unquoted 'flipping' even though no where on the recording Tanni Milligan quoted that. What she does say is "Scrap is dealing with me now.'" (Docket No. 152 at 2).

Stevenson next complains that the Court found that "[t]he C.I. then called Defendant to set up the drug deal; Defendant admits that the call took place but claims that Wise answered the call and instructed the C.I. to call back in 20 minutes. According to Defendant, during the second call, the C.I. and wise agreed to meet up at broad street school. (sic)." (Docket No. 186 at 2). He further contests the Court's statement that "[h]e claims that the C.I. immediately handed money to his passenger Wise in exchange for drugs, contrary to the Government's narrative that he engaged in the drug sale with the C.I." (*Id.*). He protests that the Court found that "Defendant states that he drove away and made a number of turns while he observed Detective Fennell in pursuit." (Docket No. 186 at 2). Once again, the Court's factual statements fairly rely upon Stevenson's own narrative of the events, which follows:

> November 9th, 2015 Detective Fennell, Agent Johnson, and the Butler co. drug task force utilized a Confidential Informant AKA "Big John" to conduct an controlled buy of heroin and crack. At Ten after four they searched, and gave Informant a $170 dollars in pre-recorded funds (be mindful that they do not have proof these funds was recorded). They then placed a call to Mr. Stevenson "target", but instead they got Ms. Wise. Who informed them at 1649

6

> hours to call back in 20 minutes. (at this point of time Informant had been searched and holding the alleged pre-recorded funds for thirty-nine minutes). The officers stripped searched the Informant, and gave him per-recorded funds before they even knew that they was going to even get a hold of target for a drug purchase. A second call was made (as well as text messages), and the police some how was not mindful to record the phone call of the meeting arrangement to ensure that it was Mr. Stevenson on the phone, and not a female, or Ms. Wise's voice. They did not take the Informants phone and at the very least snapshot, or save them text messages, or show what phone number informant dialed, that is substantial material evidence. Via second phone call there was an arrangement to meet by the Broad Street School. Detective Fennell states Agent Kristen Johnson dropped Informant off. An was placed at Brady and Forcht Street at 1709 hours, this is an hour since the Informant was searched, and he stand there waiting for another fifteen minutes without calling to see what is taking so long. At exactly 1724, a silver Dodge Charger, turns on Forcht Street and parked in the middle of the block. Informant walks from Brady Street to the Charger, and get in the back seat of the vehicle and immediately hands alleged unknown female the pre-recorded funds without being instructed to (because he knew who he was buying the drugs from), detective Fennell drive by the vehicle looks the driver dead in the eyes, and park in back lot of school with his head lights pointing towards the car. When he realized that he was spotted he pulls off and Mr. Stevenson pulls off making a right turn onto the next block, and told Informant to get out of his car, informant begged him to take him to his house and Mr. Stevenson diligently told him 'no' until the Informant got out walk to some bushes and bend down like he was retrieving something, Mr. Stevenson pulls off to make a right, then another left back on Brady Street (that is 10 minutes of no surveillance accounted for).

(Docket No. 134 at 5-6 (errors in original)). Stevenson additionally contests how the Court characterized what occurred between Wise and him within the vehicle as the officers approached by stating that he saw the drugs and told her to hide them. (Docket No. 172). However, he wrote the following in his sworn affidavit.

> Mr. Stevenson did not throw, toss, or hand Ms. Wise anything. Ms. Wise pulled the bag out of her purse, and said "I can't fit this down my pants". I, Mr. Stevenson turned saw the grocery bag, asked Tarin what it was, she told me, I then told her to hide it. And for the record in Ms. Wilson written statement no where does it states that

7

> she saw me hand Tarin Wise anything like Ms. Kennedy said giving false truth to your Honorable Nora Barry Fischer. All Ms. Wilson said was I told her to hide it which I did once I realized what it was.

(Docket No. 115 at ¶ 5, p. 6-7 (errors in original)).

To conclude, all of the challenged findings were made based upon the parties' evidentiary submissions such that there is no basis for the Court to reconsider its earlier rulings. The Court likewise has previously rejected Stevenson's contentions that suppression is warranted based upon the fact that he was arrested prior to the officers recovering the narcotics from the C.I. or other issues with the chain-of-custody of the seized narcotics. *See also, United States v. Burton*, 288 F.3d 91, 98-99 (3d Cir. 2002) (citing *Illinois v. Gates*, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) and *United States v. McGlory*, 968 F.2d 309, 342 (3d Cir. 1992) ("We have previously found probable cause even in the absence of the actual observance of criminal conduct when a prudent observant would reasonably infer that a defendant acted illegally. For example, in *United States v. McGlory* we found that the observation of a transfer of money to a known drug dealer in certain circumstances was sufficient evidence to establish probable cause to arrest."). As the Court previously held, these are trial issues and have no bearing on the disposition of the suppression motion.

## IV. CONCLUSION

Based on the foregoing, Stevenson's motion for reconsideration [172] is DENIED and his objections to the Court's cancelling of the oral argument [175] are OVERRULED. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: October 4, 2019

cc/ecf: All counsel of record

Zaamar Stevenson c/o standby counsel Joseph Charlton, Esquire