IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | Criminal No. 16-189 |
| ) | Judge Nora Barry Fischer |
| ZAAMAR STEVENSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER OF COURT**

AND NOW, this 18th day of May, 2022, upon consideration of pro se Defendant Zaamar Stevenson's renewed Motion for Compassionate Release/Reduction in Sentence 18 U.S.C. § 3582(c)(1)(A) and 4205(g), (Docket No. 296), the Government's Response in Opposition, (Docket No. 299), this Court's Memorandum Order of January 22, 2021 denying his prior motion for compassionate release because he failed to meet his burden to show extraordinary and compelling reasons for release based on his asthma, hypertension, and obesity, and the risks presented by the COVID-19 pandemic at the institutions where he was housed at that time, i.e., the NEOCC and FCI Cumberland, and that a careful weighing the § 3553(a) factors did not otherwise justify a reduction of his 10-year sentence, (Docket No. 292), the decision of the United States Court of Appeals for the Third Circuit affirming this Court's Memorandum Order, *see United States v. Stevenson*, 2022 WL 832051, (3d Cir. March 21, 2022), and after once again considering the relevant legal standards set forth by this Court in the Memorandum Order and the Court of Appeals in its decision, *see also, United States v. Andrews*, 12 F.4th 2552, 258 (3d Cir. 2021), including all of the factors under 18 U.S.C. § 3553(a),

IT IS HEREBY ORDERED that Defendant's renewed Motion for Compassionate Release [296] is DENIED, for the reasons previously expressed by the Court, which are fully incorporated

herein. *See United States v. Stevenson*, Crim. No. 16-189, Docket No. 292 (W.D. Pa. Jan. 22, 2021), *aff'd* 2022 WL 832051 (3d Cir. Mar. 21, 2022).

In addition, the Court notes the following. While Defendant sufficiently exhausted his administrative remedies by making a request for release which was denied by the Warden at FCI Cumberland, the new information Defendant has provided to the Court in his renewed motion does not justify a reduction in his sentence and to release him two years prior to his projected release date of May 16, 2024. (Docket No. 296; 299-1). To that end, Defendant admits that he has now been fully vaccinated and received a booster shot providing him significant protection from COVID-19. (Docket No. 299-1). The COVID-19 situation at FCI Cumberland has also greatly improved as the BOP reports that there are currently two inmates who are positive for COVID-19 in the facility and 1,136 inmates have been fully vaccinated. *See* https://www.bop.gov/coronavirus/ (last visited 5/18/2022). Given Defendant's own vaccination and the current status of COVID-19 at FCI Cumberland, his complaints that he was quarantined after being exposed to an inmate with COVID-19, his fear of contracting the virus, and the fact that he has been subject to other protocols designed to protect inmates housed at the institution do not justify his release. *See e.g., United States v. Kirkland*, App. No. 21-2033, 2022 WL 819514, at *2 (3d Cir. Mar. 17, 2022) (affirming decision that defendant "had not shown that 'extraordinary and compelling reasons' warranted a reduction in his sentence because [his] receipt of two doses of the Pfizer-BioNTech COVID-19 vaccine mitigated the risks presented by his medical conditions and then-recent outbreaks at the prison."); *United States v. Jefferson*, App. No. 21-2020, 2021 WL 4279626, at *2 (3d Cir. Sept. 21, 2021) ("The District Court did not err by declining to grant relief because Jefferson [was fully vaccinated and] did not show that he is at a greater risk of infection or that FCI Allenwood places

2

him at a heightened risk. This is particularly true considering the high rates of vaccination among the inmate population and the staff at FCI-Allenwood.").

Further, the remaining issues raised by Defendant, including that his mother passed away during his incarceration, her significant other is now alone and being cared for by a visiting nurse and his continuing post-offense rehabilitation efforts by engaging in programming and becoming a tutor to other inmates, while commendable, are insufficient to outweigh the other § 3553(a) factors supporting the 120-month term of incarceration in this case. *See United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (court may consider length of sentence remaining in deciding motion under 3582(c)(1)(A)); *United States v. Junius*, App. No. 21-3138, 2022 WL 1210559 (3d Cir. Apr. 25, 2022) (affirming denial of compassionate release for fully vaccinated inmate and holding that his rehabilitation was commendable but insufficient to justify his release). As the Court stated previously,

> The 120-month sentence also accounts for the seriousness of the offenses and the gravity of the offense conduct, see id. § 3553(a)(2)(A), as Defendant pled guilty to trafficking, and conspiring to traffic, heroin and crack cocaine. (Docket No. 217). Additionally, the 120-month sentence is necessary to protect the public from the danger that Defendant presents to the community, thereby making a reduction inconsistent with § 3553(a)(2)(C) and U.S.S.G. § 1B1.13(2). *See Stevenson*, 2020 WL 3104943, at *4 ("[Stevenson's] release would pose a danger to the community due to his trafficking in controlled substances, including crack cocaine and heroin[.]"); *see also United States v. Atkins*, 2015 WL 4920831, at *7 (W.D. Pa. Aug. 18, 2015) ("Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of very dangerous and addictive drugs like heroin."); *United States v. Yarbough*, 2014 WL 7343839, at *4 (W.D. Pa. Dec. 23, 2014) (McVerry, J.) ("[H]eroin trafficking represents a substantial danger to the community."). Finally, the 120-month sentence provides general deterrence to others and also promotes respect for the law, where reducing the sentence […], "would be inconsistent with the section 3553(a) factors." *Pawlowski*, 967 F.3d at 330.

(Docket No. 292 at 8-9).  All told, the Court finds that the 120-month term of imprisonment remains sufficient but not greater than necessary to meet all of the goals of sentencing in this case and once again declines to exercise its discretion to reduce Defendant's sentence.

For all of these reasons and those previously expressed in the Memorandum Order of January 22, 2021, Defendant's Renewed Motion [296] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:  All counsel of record.

cc:    Zaamar Stevenson
       #38168-068
       FCI Cumberland
       PO Box 1000
       Cumberland, MD 21810
       (via first class mail)